*Thurman, J.
The common pleas refused to permit the record of the suit of Longworth v. The Heirs of Timothy Trimble to be given in evidence, because the name of the lessor of the plaintiff did not appear in it; the name in the record being Sarah Ray instead of Sarah Roy. In other words, the court held, that a bill purporting to be against Sarah Ray could not be taken to be against Sarah Roy, or, at least, that a notice by publication to Sarah Ray was no notice to Sarah Roy; consequently Sarah Roy was not *231 made a party to the suit, and, of course, was not affected by the decree. If there was nothing in the record to identify the lessor of the plaintiff but the name, Sarah Ray, there might be a question whether the misnomer was not fatal.. It is by no means clear that a notice by publication to Sarah Ray, without further description or means of identity, can be held to be a notice to Sarah Roy, upon the doctrine of idem sonans. But we express no opinion upon-this question, it being unnecessary to do so. For we are unanimously of opinion that it is abundantly shown in the record who was the person meant. The object of the bill, as is apparent upon its face, was to obtain a decree quieting the complainant in his possession of certain premises which had belonged to the heirs of Timothy Trimble, or if the complainant’s title was only equitable, that he might have a decree for the legal title. It charged, substantially, that he had acquired the complete equitable, if not legal, title that had been vested in said heirs, notwithstanding which such of the heirs as were living and the heirs of those who were dead, were setting up some claim to the land. It was against this claim that relief was sought, and the plain intent of the bill was to make those who asserted it, and norm others, defendants; that is to say, the living brothers and sisters of Timothy Trimble, the heirs of his deceased brothers and sisters, and the husbands of the married women of either class. The premises are described; the chain of Timothy Trimble’s title stated; his death intestate, in 1810, leaving his brothers and sisters his heirs at law, averred; and the names and residences-of those yet living and of the *heirs of those who are deceased, and of the husbands aforesaid, are given, and all prayed to be made defendants. By mistake, however, Sarah Roy is named Sarah Ray. But she is described as a widow, as the sole daughter and heir of William Trimble, deceased, a brother of said Timothy Trimble, and as a resident of New Jersey ; all which particulars were correctly descriptive of Sarah Roy, the lessor of the plaintiff. Besides which the names and residences of her near relatives and their connection with her are given as before stated. Now, certainly, here is enough to correct the very slight error in the surname, the Christian name being right. The error could mislead nobody.
The bill, then, is sufficient in this respect, and if the notice followed it, it also was sufficient. The notice does not appear in the record, but it does appear in the decree that the court found that *232 notice had been given to the defendants by publication in due form of law. In the absence of any proof to the contrary, wo must presume that this notice stated the pendency, objects, and prayej of the bill, and described the persons named as defendants as they were described in the bill. If so, it was sufficient to advise Sarah Boy that the bill was filed against her. It follows that if there is no other objection to the record than the alleged misnomer, it should have been received in evidence, and the common pleas erred in rejecting it.
This brings us to a further objection made by the counsel for the defendant in error. They contend that the bill states no case of which the court had jurisdiction, and that, consequently, the decree is absolutely void. It is undoubtedly true that want of jurisdiction of the cause, equally as much as want of jurisdiction of the person, may render a judgment or decree void; as if a court of law should undertake to exercise chancery jurisdiction, or a court of special and limited powers should usurp a jurisdiction not conferred upon it. But how is it in the present case ? The statute in force when these chancery proceedings were had, provided that, “ when the title to, or boundaries of lands or tenements, are drawn *in question in chancery, and any or all of the defendants are non-residents of the state, suits may be prosecuted in any county where the land lies ; and in all cases where any or all of the defendants are non-residents of the state, the courts shall direct the manner of giving notice to the absent defendants.”
But it is contended that the title to the lands in controversy was not drawn in controversy by the bill, because, it is said, the bill showed no title in the complainant. Is this true? The bill avers that Longworth had held peaceable possession of the premises for over twenty-one years, for it states that he took possession immediately after his purchase in January, 1813, and the bill was filed in June, 1835. This possession was under claim of a perfect title, and was adverse to all other persons, and as it nowhere appears in the bill that Sarah Boy, at the time the possession commenced, was under any disability, a good prima facie case was presented entitling the complainant to be quieted against her claim. But it is said that the bill admits that the complainant has not the legal title. This is not so. The bill, it is true, is not carefully drawn, and hence it states that the defendants “ are not precluded at law from the possession, etc.,” when it is obvious, from what precedes this *233 statement, that the averment intended to be made, was, that the defendants assert that they are not precluded, etc. But take the statement as it stands, and it is a mere legal deduction of the pleader from the facts before stated of the defective execution o* the power to Phillips, and of the deed by Phillips to the complain ant. This, however, does not prejudice the bill, as a bill quia timet, if it appears upon its face that notwithstanding these defective executions, the complainant had, by the length of his possession, acquired a valid title.
There is another aspect in which the bill may be regarded, which is equally fatal to the objection we are considering. The bill avers that the heirs of Timothy Trimble, Sarah Eoy included, “by their letter of attorney legally executed, empowered Nathaniel P. Hill ■and James King (who were the ^administrators on the estate of their deceased uncle, Timothy Trimble) to sell their interest in said property aforesaid, and authorized an attorney under them to dispose of the same.” That Hill and King, “ by virtue ■of their power under said letter of attorney from said heirs, empowered Ealph Phillips to dispose of said property; but by mistake the said Hill and King, as the attorneys in fact of the heirs of Timothy Trimble, deceased, omitted to execute and make said power of attorney to Ealph Phillips, as aforesaid, in the name and as the attorneys in fact of said heirs of Timothy Trimble, deceased.”
But it averred that the heirs have long since received the full amount of the purchase money paid by Long-worth for the property. .
Now, taking these allegations to be true, as must be done in this inquiry, why did not the receipt of their share of the purchase money by the heirs, who were under no disability, and the long and quiet possession permitted to Longworth, amount, in equity, to a ratification by them of the sale and conveyance made to him, and entitle him to demand from them the legal title so far as it was vested in them? We think that, under such circumstances, it would be difficult to resist such a demand, and we see nothing in the case relied on by counsel, in 2 Sandford’s Oh. 26, that militates against this opinion. That case only decides, that where a grantee has brought an action at law upon the covenants in his deed, a court of equity will not interfere with it, and compel him to accept an after-acquired title of his vendor.
In Barr v. Hatch, 3 Ohio, 529, the court said : “ It is also a well- *234 settled rule, that when an instrument, intended as a deed to convey lands, has not been so executed as to pass the estate, or vest a legal title, equity has considered it a contract for a deed, and decreed, if the consideration has been paid, the title to be perfected.”
To the same effect is Carr v. Williams, 10 Ohio, 309.
It may be said that these cases are not precisely in point, because the deed- to Longworth was, on its face, properly executed. *But they rest upon a principle of equity that embraces the-case before us ; a principle that we are not disposed, unless upon very weighty considerations, to limit.
If we are right in this view, then Longworth had a good equity as against Sarah Roy, who, at no time, was under any disability.. On the whole, though the bill is inartifioially and carelessly drawn, wo are not prepared to say that a general demurrer by Sarah Roy would have prevailed against it. And if it would not, then it is admitted that the court had jurisdiction of the cause. We do not wish, however, to be understood as assenting to the proposition. apj>arently contended for, that wherever a general demurrer would have been well taken to a bill filed under the provisions of’the statute before mentioned, it follows that the court had no. jurisdiction, and that consequently every decree rendered by it upon such a bill is necessarily void. Nor do we understand the authorities-cited by counsel as sustaining such a proposition. The title to, or boundaries of, land may be drawn in controversy by a bill, though there may be some statement or omission in the bill that renders it obnoxious to a general demurrer. But when the defect is not a. mere want of equity, but is some fact that precludes the court from entering upon the inquiry whether the complainant has an equity or not, in such a case the defect is fatal to the jurisdiction. As .if the land lie in some other county than that in which the bill is filed; or as if the bill is for the recovery of a more personal demand, and in no wise concerns any land, and the defendants are non-residents.
What order the court made as to the notice to be given to the defendants, does not appear in the chancery record, or in the evidence offered on the trial of the ejectment. But, as before stated, the decree finds that du,e notice was given,'and it is admitted that this is prima facie sufficient. Whether it is not conclusive, it is unnecessary to say in this case. That question is raised in another cause pending before us, in *which evidence to impeach *235 the finding was offered and rejected. But in this case no such testimony was offered.
Entertaining the views we have expressed, it follows that the judgment of the common pleas must be reversed.